# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEBORAH A. WALKER** | : | **DOCKET NO. 2:21-cv-04023** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFFS DEPT BEAUREGARD PARISH** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a complaint filed by plaintiff Deborah A. Walker, who is proceeding pro se and in forma pauperis in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Plaintiff alleges wrongdoing on the part of the defendant that, she claims, caused her serious health issues.

On December 15, 2021, plaintiff's motion to proceed in forma pauperis was granted and plaintiff was informed that the court would be conducting a preliminary review, as mandated by 28 U.S.C. Section 1915A, and advised that there would be no issuance of summons or service of process on the purported defendants until this preliminary review is completed. Doc. 4. A copy of this order was mailed to the plaintiff at her last known address yet was returned as undeliverable on January 3, 2022. Doc. 5. Walker has not notified the Court of an address change.

## II.
## LAW & APPLICATION

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned and no correction has been made.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Walker's complaint be **DISMISSED** for failure to prosecute, in accordance with the provisions of LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE